# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LISA HOLT, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>COMMUNITYAMERICA CREDIT UNION,<br><br>  Defendant. | Case No. 4:19-cv-00629-FJG |

## DECLARATION OF LYNN A. TOOPS
## IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

I, Lynn A. Toops, declare:

1. I am a partner at the law firm of Cohen & Malad, LLP. Along with my co-counsel, I represent the Plaintiff in this case.

2. Plaintiff's counsel has vigorously litigated this case, including initial investigation of the claims, drafting of the complaint and amendments, analysis of the claims and defenses, research and preparation of an 18-page, single-spaced, comprehensive mediation statement, advocacy for the class at mediation, and preparation of the settlement documents, forms of notice, and related documents. Plaintiff has actively participated in the lawsuit, communicated with counsel, and provided requested documents and information.

3. On June 9, 2020, the parties participated in an all-day, in-person mediation with mediator Michael J. Patton of Turner, Reid, Duncan, Loomer & Patton, P.C.

4. Leading up to the mediation, an expert received data from Defendant to estimate the damages to the classes.

5. At the mediation, each side vigorously advocated its position.

1

6. Ultimately, the parties reach an agreement in principle, and subsequently documented all details of the current proposed settlement.

7. Attached as Exhibit 1 to this Declaration is a true and accurate executed copy of the proposed Settlement Agreement and Release in this case (the "Settlement").

8. The Settlement, which was the result of hard-fought, arm's-length negotiations, provides a cash Settlement Fund of $2,325,000 for the proposed classes and provides for Defendant to forgive additional uncollected fees of class members in the amount of $753,436.00.

9. The Settlement represents a recovery of nearly one-half of the damages estimated by the damages expert as the best possible day in court for the classes.

10. The Settlement monies will be distributed to the members of the classes without need for them to complete a claim form or take any additional steps. Nearly 60 percent of class members will receive notice by email, and notice will be mailed to all other class members. The breakdown of the number of class members per class, the number of current members per class, and the number of current members who will receive notice by e-mail is as follows:

   a) The APPSN Class consists of 24,022 members of CACU, of which 18,410 are current members of CACU. Of these current members of the APPSN Class, 14,987 members will receive notice of the settlement by email.

   b) The Multiple NSF Fee Class consists of 20,764 current and former members of CACU, of which 14,444 are current members of CACU. Of these current members of the Multiple NSF Fee Class, 10,947 members will receive notice of the settlement by email.

   c) The Unspecified Transfer Fee Class consists of 10,530 current and former members of CACU, of which 8,427 are current members of CACU. Of these current members of

the Unspecified Transfer Fee Class, 6,863 will receive notice of the settlement by email.[1]

11. In my professional opinion as a class action litigator, the Settlement represents an excellent result for the classes in this litigation, and the Court should grant preliminary approval to the Settlement.

12. The substantial relief provided accounts for nearly half of the what the classes could have hoped to achieve in their best day in Court, while at the same time it eliminates the costs, and delays of litigation and eliminates the risk that the classes could have suffered a defeat on a motion to dismiss, summary judgment, class certification, trial, or appeal.

13. While Plaintiff believes in the merits of her case, class action litigation is inherently risky and involves numerous procedural hurdles. For instance, the Court could have ruled for CACU on its motion to dismiss, which could have left class members with no recovery. Even if the Court ruled for Plaintiff, Plaintiff faced the hurdle of having the Court certify a class and having that ruling potentially immediately appealed. Without a certified class, no class member would likely receive any recovery. And summary judgment, trial, and appeal present significant risks in any case. In counsel's experience, a settlement in this range is likely to be viewed favorably by the class members who will appreciate receiving compensation from this lawsuit without having to expend any resources of their own.

14. Attorneys' fees were not negotiated until after an agreement in principle was reached on the settlement benefits to the classes, and the requested fees are subject to Court

---

[1] There is overlap in class membership among the three classes (i.e., a member of one class may also be a member of at least one of the other two classes).

approval, are in-line with the amounts typically awarded in class action cases in which I have been counsel, and will be paid near the time that the class members will also receive their payments.

15. There are no other agreements connected to the Settlement that would need to be identified under Federal Rule of Civil Procedure 23(e)(2)(C)(iv).

I declare, under the penalties for perjury, that the foregoing representations are true.

Dated: August 11, 2020          /s/Lynn A. Toops
                                Lynn A. Toops