IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LISA HOLT, on behalf of herself and All others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:19-CV-00629-FJG |
| COMMUNITYAMERICA CREDIT UNION, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING FINAL APPROVAL

Pending before the Court are plaintiff's Unopposed Motion for Award of Attorneys' Fees, Costs, Expenses, Settlement Administrator's Costs, and Class Representative's Service Award (Doc. No. 45) and Motion for Final Approval of Class Action ("Motion for Final Approval") (Doc. No. 48). Based on the documents on file with the Court and the arguments therein and presented at the Final Approval Hearing, having considered the claims rate, and the absence of any opposition to either motion, both motions are hereby **GRANTED** for the reasons below.

**I. PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES, SETTLEMENT ADMINISTRATOR'S COSTS, AND CLASS REPRESENTATIVE'S SERVICE AWARD**

On October 15, 2020, plaintiff filed its Unopposed Motion for Award of Attorneys' Fees, Costs, Expenses, Settlement Administrator's Costs, and Class Representative's Service Award (Doc. No. 45). In its suggestions in support of plaintiff's motion (Doc. No.

46), plaintiff requested that this Court approve an attorneys' fee award of $1,026,145.33 representing one-third of the value of the settlement amount of $3,078,436.00, reimbursement to Class Counsel of costs and expenses in the amount of $12,286.08, an award of costs of settlement administration of up to $62,500.00 to the Settlement Administrator, and a service award to the Class Representative in the amount of $10,000.

In support of its proposed attorneys' fees, plaintiff asserts that the amount, calculated by using the "percentage-of-the-benefit" approach, is appropriate, fair, proper, and reasonable according to the following factors: (1) the benefit conferred on the class by the settlement; (2) the risk to which plaintiff's counsel was exposed (i.e., whether their fee was fixed or contingent); (3) the difficulty and novelty of the legal and factual issues of the case; (4) the skill of the lawyers, both plaintiffs' and defendants'; and (5) the comparison between the requested attorney fee percentage and percentages awarded in similar cases, citing the factors used by the Eighth Circuit in Caligiuri v. Symantec Corp., 855 F.3d 860, 866 (8th Cir. 2017). Plaintiff further asserts that the one-third fee amount is consistent with fees regularly awarded by the Eighth Circuit. See Caligiuir, which affirmed use of the "percentage-of-the-benefit" measure for attorneys' fees and affirmed a one-third fee; In re U.S. Bancorp. Litig., 291 F.3d 1035, 1038 (8th Cir. 2002), which used the same measure and affirmed a 36% fee; and Huyer v. Buckley, 849 F.3d 395, 399 (8th Cir. 2017), which used the same measure and affirmed a one-third fee.

In support of its proposed Class Counsel reimbursement, plaintiff asserts that the amount is appropriate and the litigation expenses are common and reasonable under Tussey v. ABB, Inc., No. 06-CV-04305-NKL, 2019 WL 3859763, at *2 (W.D. Mo. Aug. 16, 2019) ("An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and

expenses involved."). Finally, in support of its proposed Class Representative payment, plaintiff asserts that the amount is fair and reasonable and promotes the public policy of encouraging individuals to undertake the responsibility of representative lawsuits consistent with the Eighth Circuit's rationale in <u>Caligiuri</u>, 855 F.3d at 867, (Doc. No. 45).

All arguments in plaintiff's motion being sound, the motion being unopposed, and the proposed awards, fees, and reimbursement being adequate, fair, proper, and reasonable, plaintiff's Motion for Award of Attorneys' Fees, Costs, Expenses, Settlement Administrator's Costs, and Class Representative's Service Award (Doc. No. 45) is hereby **GRANTED**. Accordingly, Class Counsel are hereby awarded $1,026,145.33 for attorneys' fees and $12,286.08 for reimbursed expenses from the balance of the Settlement Fund. The Settlement Administrator is awarded $62,500.00 for the costs of settlement administration. The Class Representative, as identified in plaintiff's Suggestions (Doc. No. 46), is hereby compensated in the amount of $10,000.00 for her efforts in this case.

## II. <u>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**</u>

On November 16, 2020, plaintiff filed its Motion for Final Approval of Class Action (Doc. No. 48). The Court held a final approval hearing on November 20, 2020, and takes notice of the following:

Plaintiff Lisa Holt and Defendant CommunityAmerica Credit Union, by their respective counsel, have submitted a Settlement Agreement and Release (the "Settlement Agreement" or the "Settlement", Doc. No. 43-1) to this Court and have applied under Rule 23(e)(2) of the Federal Rules of Civil Procedure for an order granting final approval of the Settlement;

3

This Court previously granted preliminary approval to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(1), on September 4, 2020, certified the proposed Classes, appointed the Class Representative and Class Counsel, directed notice to the Classes of the proposed Settlement, and set a final approval hearing. (Doc. No. 44) (the "Preliminary Approval Order"); and

Class Counsel has submitted the Declaration of Karen Rogan Re: Notice Procedures, attesting that notice was delivered to the Classes in the form and manner specified in the Preliminary Approval Order, that the deadline for members of the Classes to object to, or opt out of, the Settlement expired on November 2, 2020, and that no Class Member has objected to, or opted out of, the Settlement.

The Court has considered all matters submitted to it at the final approval hearing and otherwise. Finding no just reason for delay in entry of this final approval order and good cause appearing therefore, IT IS HEREBY ORDERED:

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiff and Defendant in the above-captioned case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. For the reasons set forth in the Preliminary Approval Order, the Court finds that the Classes meet the requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3), and the Court hereby reaffirms its prior certification and certifies the following Classes for entry of judgment on the Settlement:

The "APPSN Fee Class" shall consist of those members of Defendant who were assessed fees that Defendant charged and did not refund on signature Point of Sale debit card transactions from December 19, 2014 to July 1, 2019 where there was a sufficient available balance at the time the transaction was authorized, but an insufficient available balance at the time the transaction was presented to Defendant for payment and posted to a member's account.

The "Multiple NSF Fee Class" shall consist of those members of Defendant who were assessed nonsufficient funds fees that were assessed and not refunded from August 6, 2015 to July 1, 2019 for ACH and check transactions that were later re- submitted by a merchant after being rejected for insufficient funds.

The "Unspecified Transfer Fee Class" shall consist of those members of Defendant who paid overdraft fees described as an "Unspecified Transfer Fee" on a member's periodic monthly statement that were assessed and not refunded from October 23, 2014 through June 30, 2019.

5. The Court reaffirms the appointment of the Plaintiff as Class Representative of these Classes and of Plaintiff's counsel as Class Counsel.

6. The Court finds that notice to the Classes was disseminated in accordance with the terms of the Settlement and as approved by the Court.

7. The Court finds that the notice fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of Due Process, was the best means of providing notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Classes who could be identified through reasonable effort, and supports the Court's exercise of jurisdiction over the Classes as contemplated in the Settlement Agreement and this Final Approval Order and Judgment.

8. For the reasons set forth in the Preliminary Approval Order, the Court further finds that the Settlement is "fair, reasonable, and adequate," taking into consideration the factors set forth in Fed. R. Civ. P. 23(e)(2), as well as the factors set forth in Van Horn v.

5

Case 4:19-cv-00629-FJG    Document 51    Filed 12/08/20    Page 5 of 7

Trickey, 840 F.2d 604, 607 (8th Cir. 1988). In addition to the reasons explained in the Preliminary Approval Order, the Court finds that the final Van Horn factor to be considered, namely "the amount of opposition to the settlement," also supports final approval. After notice and an opportunity to object, no Class Member has objected to or even opted out of the Settlement.

9. The Class Representative and Class Counsel have fairly and adequately represented the interests of the Classes, and the Settlement is the product of good-faith, arm's-length negotiations.

10. The Settlement Agreement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Settlement Agreement, and the parties are authorized to implement that distribution after deductions for fees, expenses, and service awards as approved by the Court. The Court orders the Parties to comply with and implement the terms of the Settlement Agreement in all respects.

11. Upon the Effective Date, except as to the rights and obligations provided for under the terms of the Settlement, Plaintiff, on behalf of herself and each of the Class Members, releases and forever discharges Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, insurers and agents (collectively, the "Defendant Releasees") from any and all losses, fees, charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Plaintiff and

the Class Members now have, own or hold against any of the Defendant Releasees that arise out of and/or relate to the facts and claims alleged in the First Amended Complaint and Second Amended Complaint, and any other claims relating to any overdraft and/or nonsufficient funds fees assessed against said Class Members

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Date: <u>December 8, 2020</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  United States District Judge